IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DARRELL HORRY,                          )
                                        )
              Petitioner,               )
                                        )
       v.                               )          CV 123-053
                                        )
HERBERT WALKER, Warden,                 )
                                        )
              Respondent.               )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254.  Petitioner originally filed his petition in the Middle District of Georgia, and United States District Judge C. Ashley Royal transferred the case to this District because Petitioner seeks to challenge his conviction in the Superior Court of Richmond County, Georgia.  (See doc. no. 6.)  On May 2, 2023, the Court directed Petitioner to pay the $5.00 filing fee within twenty-one days. Petitioner did not pay, and the May 2nd Order directing him to do so came back as undeliverable.  (Doc. no. 8.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I.     **BACKGROUND**

Petitioner states he pleaded guilty to multiple drug, forgery, and driving crimes in the Richmond County Superior Court, and on March 31, 2022, he was sentenced to thirty years

in prison. (Doc. no. 1, p. 1); see also Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Horry, Darrell," open 2021RCCR01129, last visited May 30, 2023), Ex. A attached; United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings). On April 18, 2022, Petitioner filed a motion to withdraw his guilty plea, and that motion remains pending. (Doc. no. 1, pp. 2-3); Ex. A, 2021RCCR01129 docket. The underlying criminal case appeared on the motion calendar on April 27, 2023, and a witness subpoena issued on May 17, 2023. See Ex. A, 2021RCCR01129 docket. Based on the returned mail from the last prison location provided by Petitioner and the docket in his underlying criminal case, Petitioner is presumably in transit to Richmond County for the hearing on his motion to withdraw his guilty plea.

Petitioner's current federal petition was filed in the Middle District on April 14, 2023. (Doc. no. 1.) Petitioner challenges his state conviction on multiple grounds, including but not limited to alleged unlawful seizure, violation of his speedy trial rights, and imposition of a cruel and unusual sentence. (See generally doc. no. 1.)

## II.   DISCUSSION

### A.   The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the

State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented."  Id. § 2254(c) (emphasis added).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."  Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the

denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### B.   Petitioner Failed to Exhaust State Remedies

Petitioner does not allege that he has exhausted his state court remedies. (See generally doc. no. 1.) Indeed, he concedes he has not received a ruling on his motion to withdraw his guilty plea. (Id. at 2, 3, 9.) Thus, Petitioner has not even completed the first step in the appellate process. Moreover, should he not be satisfied with the ruling on his motion to withdraw his guilty plea, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning an involuntary guilty plea and ineffective assistance of counsel. See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010); Goodwin v. Knighten, 387 S.E.2d 887, 887 (Ga. 1990); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Moreover, it is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon

the claim." <u>St. Jules v. Beto</u>, 462 F.2d 1365, 1366 (5th Cir. 1972).[1]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." <u>Hollis v. Davis</u>, 941 F.2d 1471, 1475 (11th Cir. 1991); <u>see also</u> <u>Reynolds v. Wainwright</u>, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." <u>Id.</u>

In sum, Petitioner has not completed his proceedings in underlying criminal proceeding, let alone moved forward with a direct appeal or state habeas petition. The motion to withdraw Petitioner's guilty plea has apparently been scheduled for a hearing in the very near future, and Petitioner has other available state remedies to pursue should he be dissatisfied with the ruling on his pending motion to withdraw the guilty plea. Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.

As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

---

[1] Under <u>Bonner v. City of Prichard</u>, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (<i>en banc</i>).

**C.      The Petition Also Should Be Dismissed Because Petitioner Failed to Pay the $5.00 Filing Fee and Keep the Court Apprised of a Current Address**

As described above, the Court ordered Petitioner to pay the $5.00 filing fee and warned him that failure to comply could result in dismissal of this case without prejudice. (Doc. no. 7.)   Nevertheless, Petitioner has not paid the filing fee.   In fact, he has not communicated with the Court at all since the filing of his petition.   Because Petitioner is no longer incarcerated at the prison address on the docket, the Court is faced with a stagnant case and no way to communicate with Petitioner.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.   Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:   Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").   Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."   Loc. R. 41.1 (b) & (c).   Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."   Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing Moon v. Newsome, 863

F.2d 835, 837 (11th Cir. 1989)).

Here, Petitioner's failure to pay the $5.00 filing fee or otherwise explain to the Court why he has not paid evidences non-compliance with a court order and amounts to a failure to prosecute. This is precisely the type of neglect contemplated by the Local Rules.  Thus, in addition to Petitioner's failure to exhaust state court remedies as described above, the case is also subject to dismissal for failing to follow the Court's prior Order to pay the filing fee and failing to keep the Court apprised of a current address.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of May, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA