IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DARRELL HORRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 123-053 |
| | ) |
| HERBERT WALKER, Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 13). The Magistrate Judge recommended dismissing the federal habeas corpus petition because Petitioner failed to (1) exhaust state court remedies, and (2) pay the $5.00 filing fee and keep the Court apprised of a current address. (Doc. no. 10.) Petitioner first objects that the Clerk of Court opened his case with an incorrect address that resulted in the Magistrate Judge mistakenly concluding Petitioner had not kept the Court apprised of a current address. Plaintiff's notification to the Clerk of Court regarding the mistaken address on the docket was dated prior to the recommendation for dismissal, (doc. no. 12), but was not received until June 1, 2023, after service of the May 30, 2023 Report and Recommendation.

The Court relies on the Clerk of Court to provide the correct address information on the docket, and in reliance on the information maintained by the Clerk, as well as the fact Petitioner had not communicated with the Court since the case had been filed, the Magistrate

Judge reasonably concluded Petitioner failed to keep the Court apprised of a current address. Although there is no readily apparent explanation for the case opening in the Southern District with an incorrect address, the mistake has apparently now been corrected, and the $5.00 filing fee has been paid. Therefore, the Court rejects the recommendation for dismissal based on any of the reasons discussed in Part II(C) of the May 30th Report and Recommendation.

However, Petitioner's remaining objections concerning the alternative basis for dismissal, failure to exhaust state court remedies, are without merit. As the Magistrate Judge explained, Petitioner has a pending motion to withdraw his guilty plea, and Petitioner does not report using any state collateral processes such as petitioning for a writ of mandamus or seeking state habeas corpus relief such that it would be appropriate to disregard the exhaustion requirement and proceed in federal court. Therefore, the Court concludes dismissal for lack of exhaustion is appropriate, and Petitioner's objections on this point are overruled.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion and **DISMISSES** this petition filed pursuant to 28 U.S.C. § 2254 without prejudice. Furthermore, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For the reasons set forth in the Report and Recommendation, as modified herein, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 28th day of June, 2023, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.